*Estevez v. Berkeley College*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of November, two thousand twenty-two.

PRESENT:

> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
> *Circuit Judges*,
> MARY KAY VYSKOCIL,
> *District Judge*.*

---

JIMARZARETTE ESTEVEZ, DEANNA MANCINI,
DIANE MEKULI,

> *Plaintiffs-Appellants*,

v.                                                                  No. 21-1988

BERKELEY COLLEGE, JOEL MARTINEZ,
GRETCHEN ORSINI, DAVID BERTONE,

> *Defendants-Appellees*.

---

*Judge Mary Kay Vyskocil, District Judge for the Southern District of New York, sitting by designation.

| For Plaintiffs-Appellants: | STEPHEN BERGSTEIN, Bergstein & Ullrich, New Paltz, NY (Daniela Nanau, Law Office of Daniela Nanau, P.C., Glendale, NY, *on the brief*). |
| --- | --- |
| For Defendants-Appellees: | BRAN C. NOONAN, FordHarrison LLP, New York, NY. |
| For Amicus Curiae LatinoJustice PRLDEF, *in support of Plaintiffs-Appellees*: | Rosalyn Richter, Arnold & Porter Kaye Scholer LLP, New York, NY; Karen Otto, Arnold & Porter Kaye Scholer LLP, Washington, DC; Francisca D. Fajana, Nathalia A. Varela, LatinoJustice PRLDEF, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiffs-Appellants Jimarzarette Estevez, Deanna Mancini, and Diane Mekuli (collectively, the "Employees") appeal from the district court's grant of summary judgment in favor of Defendant-Appellee Berkeley College on the Employees' claims for gender-based discrimination under Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and in favor of Defendants-Appellees Joel Martinez, Gretchen Orsini, and David Bertone on the Employees' derivative NYSHRL aiding and abetting claims. Specifically, the Employees challenge the district court's determination that they failed to present sufficient evidence to establish their underlying Title VII and NYSHRL hostile-work-environment and retaliation claims against Berkeley College.[1] We review the grant of summary judgment de novo, applying the same standards as the district court. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

**I. Hostile Work Environment**

With respect to the Employees' hostile-work-environment claims, we conclude that the district court properly granted summary judgment in favor of Berkeley College, for substantially the same reasons stated in that court's thorough

---

[1] The parties agree that, as applicable to this case, the standards for evaluating hostile-work-environment and retaliation claims against Berkeley College are identical under Title VII and NYSHRL. *See Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 271 n.3 (2d Cir. 2016); *Rojas v. Roman Cath. Diocese of Rochester*, 660 F.3d 98, 107 n.10 (2d Cir. 2011).

and well-reasoned opinion and order. For hostile-work-environment claims, a plaintiff must show (in relevant part) that a "reasonable person in the plaintiff's position, considering all the circumstances including the social context in which particular behavior occurs and is experienced by its target," would find the alleged conduct sufficiently severe or pervasive as to alter the conditions of the plaintiff's employment and create an abusive working environment. *Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 176 (2d Cir. 2012) (internal quotation marks and alterations omitted); *see also Legg v. Ulster County*, 979 F.3d 101, 114 (2d Cir. 2020). Even if we assumed for the sake of argument that the conduct a reasonable person might consider severe or pervasive can evolve over time, as amicus curiae suggests, *see* Amicus Br. at 14–24, the conduct alleged here — primarily consisting of a female co-worker staring and frequently making backhanded compliments about the Employees' clothes, bodies, and appearances, a male co-worker frequently commenting that there was too much estrogen in the room, and a male supervisor making a single comment arguably evidencing a bias against working mothers — is not sufficiently severe or pervasive to support a hostile-work-environment claim. *See Redd*, 678 F.3d at 176 ("Title VII 'does not set forth a general civility code for the American workplace.'" (quoting *Burlington N. & Santa*

4

*Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006))).

Furthermore, contrary to the Employees' and amicus curiae's contentions, we do not find that the district court made any procedural errors. For starters, it cannot be said that the district court failed to view the evidence contextually and in the aggregate; ignored or discounted any material evidence; or improperly made credibility determinations, resolved factual disputes, or weighed evidence. More particularly, we find nothing improper in the district court's remark that the "schtick" of the co-worker who made the "too much estrogen" comments "was unfunny and distasteful, but it is the sort of conduct ordinarily greeted with eyerolls or snappy comebacks." *Estevez v. Berkeley College*, No. 18-cv-10350 (CS), 2021 WL 3115452, at *16 (S.D.N.Y. July 19, 2021). In so stating, the district court was merely conducting the legally required severe-or-pervasive inquiry and explaining its rationale for why such conduct was too trivial to meaningfully contribute to the Employees' hostile-work-environment claim.

For these reasons, we affirm the district court's dismissal of the Employees' hostile-work-environment claims.

**II. Retaliation**

The district court also properly granted summary judgment to Berkeley

5

College on the Employees' retaliation claims. The first two requirements of a prima facie case for retaliation are (1) that a plaintiff engaged in protected activities, meaning that she made complaints for which she had a good faith, reasonable belief that she was opposing an unlawful, discriminatory employment practice, and (2) that the plaintiff's employer was aware of those protected activities. *See Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 104 (2d Cir. 2020); *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14–15 (2d Cir. 2013). Here, the Employees failed to sufficiently prove this second requirement, again for the reasons thoroughly explained by the district court. The Employees have offered no evidence that would permit a reasonable factfinder to infer that Estevez's Spring 2017 complaint to a supervisor and Mancini's July 2017 email to a human resources employee — the only instances of protected activities that the Employees properly raised in their opposition to Berkeley College's summary judgment motion — were understood, or could reasonably have been understood, in context as complaints of gender-based discrimination. *See Kelly*, 716 F.3d at 15–17; *see also Lenzi v. Systemax, Inc.*, 944 F.3d 97, 113 (2d Cir. 2019). For these reasons, we affirm the district court's dismissal of the Employees' retaliation claims.

6

\* \* \*

We have considered the Employees' (and amicus curiae's) remaining arguments and find them to be meritless. Accordingly, we **AFFIRM** the judgment of the district court.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk of Court